JM

JOSEPH MURE JR & ASSOCIATES
26 Court Street • Suite 2601 • Brooklyn, NY 11242 • 718.852.9100
anthony.varbero@murelaw.com

May 23, 2018

By ECF
The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

   RE: SEC v. William C. Gennity and Rocco Roveccio, 17-cv-07424-PKC

Dear Judge Castel:

  Our firm represents Defendant William Gennity ("Defendant Gennity"). Under Local Civil Rule 37.2 and Part 4(D) of Your Honor's Individual Practice Preferences, I write to request an informal conference to resolve certain ongoing discovery disputes with Plaintiff. I have tried in good faith to resolve these matters without the Court's intervention.

## Relevant Background

  Plaintiff initiated this proceeding against Defendants Gennity and Rocco Roveccio in September 2017. *D.E. 1*. The Complaint charges Defendants with various sales practice violations including the recommendation of unsuitable investments and engaging in excessive and unauthorized trading. *Id.* Four customers in the Complaint are identified as having been serviced by Defendant Gennity with the remaining seven customers referenced in the Complaint serviced by Defendant Roveccio. *Id.* Defendants Gennity and Roveccio did not service any of the accounts in question jointly, nor did they work from the same office of Broker Dealer Alexander Capital. Plaintiff seeks monetary and injunctive relief against both the Defendants.

## Plaintiff's Issuance of a Subpoena to Defendant Gennity's Accountant

  On May 15, 2018 Plaintiff issued a Subpoena to Defendant Gennity's accountant Joseph Castanza seeking the following:

> "Copies of Gennity's federal income tax returns for the years ending December 31, 2012, 2013 and 2014, including all schedules, K-1's, Forms 1099 and W-2, worksheets and any related documents"

                                (<u>Exhibit A</u>.)

Despite Plaintiff's issuance of the enclosed Subpoena on May 15, 2018 to obtain Defendant Gennity's tax returns, Plaintiff strenuously lobbied the Court that tax returns were not relevant to this matter just six days earlier when confronted with Defendant Gennity's request for the tax returns of the four customers alleged to be Defendant Gennity's victims. Indeed, Plaintiff asserted that Gennity's Subpoenas for tax returns was "difficult to justify" before citing this:

> "Although there is no privilege protecting the production of tax returns, the courts have been reluctant to order routinely their discovery. This historic trend seems to stem in part from the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y.1979); *see also Trilegiant Corp., 272 F.R.D.* at 368 ("Discovery of tax returns requires satisfaction of a higher standard than discovery of other documents; a court will 'only order their disclosure where it finds both that the returns are relevant to the subject-matter of the action and that there is a compelling need therefor because the information contained therein is not `otherwise readily obtainable.'"); *United States v. Bonanno Organized Crime Family of La Cosa Nostra,* 119 F.R.D. 625, 627 (E.D.N.Y.1988) ("[J]udicial consensus is that, while tax returns are not privileged, courts, as a matter of policy, should be cautious in ordering their disclosure."); *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985) (same).

(<u>Exhibit B</u> at 6.)

Accordingly, Plaintiff has taken materially inconsistent legal positions on the same issue (the discovery of tax returns) within less than one week. In doing so, we respectfully submit that Plaintiff transparently seeks to have its discovery cake and eat it too. Given Plaintiff's contradictory assertions, and consistent with the Court's Order issued today, *D.E. 42* (finding insufficient showing for production of Defendant Gennity's customers' tax returns),[1] we respectfully request Plaintiff's Subpoena to Gennity's accountant for his tax returns be quashed.

### Plaintiff's Issuance of a Subpoena to Gennity's Broker / Dealer

On May 10, 2018, Plaintiff issued a Subpoena to the Broker / Dealer Gennity is registered with, First Standard Financial, seeking the following:

> "All documents concerning any customer complaint or arbitration concerning Gennity . . .
>
> All documents concerning any account at First Standard in which Gennity has a beneficial interest."

(<u>Exhibit C</u>.)

---

[1] While we respectfully disagree the customers' tax returns should not be produced, and believe the upcoming depositions will further show the need for their production, the Court ought not permit Plaintiff certain discovery while forbidding the same discovery requested by Defendant Gennity.

      The Subpoena identifies the "Relevant Period" as "January 1, 2014 to Present" even though the Complaint alleges, "Gennity . . . as registered representative from 2012 to 2014 at Alexander Capital, L.P., a New York City broker-dealer, violated the antifraud provisions of the federal securities laws." (Complaint ¶ 1.)

      Because none of Gennity's four customers identified in the Complaint initiated a complaint or arbitration about him from January 1, 2014 to the present, Plaintiff's Subpoena seeks documents related to customers with no nexus whatsoever to Plaintiff's allegations. Plaintiff has no grounds for seeking this information and has established no connection between the requested documents and the claims or defenses in this action.

      Indeed, having voluntarily resigned from Alexander Capital in 2014, the Subpoena not only seeks information about customers other than the four referenced in the Complaint, it seeks documents about customer accounts at an entirely different and unrelated Broker Dealer covering four years after Gennity's tenure at Alexander Capital ended.

      The SEC seeks to accomplish this notwithstanding the Court stating during the January 29, 2018 Initial Pretrial Conference that Gennity's customers, other than those specifically identified in the Complaint, were not relevant to this action.

      Accordingly, Plaintiff has engaged in an overbroad fishing expedition seeking documents bearing no relevance to the Parties' respective claims or defenses. The Subpoena is unduly burdensome and disproportional to the needs of this action. Plaintiff's Subpoena to Gennity's Broker Dealer First Standard Financial should be quashed.

Respectfully Submitted,

*s/ Anthony Varbero*

Anthony Varbero, Esq.

Enclosures